# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50685
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2014

JAMES ALLEN LEE,

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

JENNIFER SMITH, Mail Systems Coordinator; MARGY AMAYA, Unit Mailroom Supervisor; MICHAEL MCDONALD; ISMAY MCDONALD; WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISON,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-834

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

James Allen Lee, Texas prisoner # 860879, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief can be granted. Lee argues that he was denied his constitutional rights under the First and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50685

Fourteenth Amendments when the defendants placed his two daughters on his negative mailing list.  He also asserts that the defendants were not entitled to qualified immunity.  However, because the district court did not base its dismissal on qualified immunity, we do not address that issue.

By moving to proceed IFP, Lee is challenging the district court's certification that his appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3).  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Lee has failed to demonstrate that the board's policy bears no rational relation to a legitimate penological interest.  *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *Prison Legal News v. Livingston*, 683 F.3d 201, 216, 222 (5th Cir. 2012).  Thus, he has failed to show that the placement of his children on the negative mailing list ran afoul of his constitutional rights.  *See Samford v. Dretke*, 562 F.3d 674, 678-82 (5th Cir. 2009).  Further, although he asserts that the defendants' actions deprived him of due process, he has not alleged that he was denied any procedural safeguards.  *See Procunier v. Martinez*, 416 U.S. 396, 417 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989).

Because Lee has failed to raise a nonfrivolous issue for appeal, his motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous.  5TH CIR. R. 42.2.  His motion for the appointment of counsel also is DENIED.

The district court's dismissal of Lee's § 1983 complaint for failure to state a claim on which relief may be granted and the dismissal of this appeal as

frivolous count as strikes under § 1915(g).  *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Lee is WARNED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).